UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- X

                               :

CYNTHIA TROPP,

                               :

          Plaintiff,

                               :     Index No.  10 CV 446 (RMB)

    -against-

                               :     __ANSWER__

CBS CORPORATION, FIRST UNUM LIFE
INSURANCE COMPANY, JOHN NESTOR,     :
MARLENE BAEZ, LINDA KALARCHIAN,
CHARLES BECKER, ANTHONY AMBROSIO,   :
and JOHN DOES,

                               :

          Defendants.

                               :

---------------------------------------- X

      Defendants CBS Corporation, John Nestor, Marlene Baez, Linda Kalarchian and

Anthony Ambrosio (collectively the "Defendants"), as and for their Answer to the Complaint,

dated January 19, 2010, allege as follows:

## PRELIMINARY STATEMENT

      1.     Defendants deny knowledge and information sufficient to form a belief as to the

truth or falsity of the allegations recited in paragraph 1 of the Complaint.

      2.     Defendants deny knowledge and information sufficient to form a belief as to the

truth or falsity of the allegations recited in paragraph 2 of the Complaint.

      3.     Defendants deny knowledge and information sufficient to form a belief as to the

truth or falsity of the allegations recited in paragraph 3 of the Complaint.

## JURISDICTION

4.      Paragraph 4 states a legal conclusion to which no response is required.

5.      Paragraph 5 states a legal conclusion to which no response is required.

## PARTIES

6.      Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 6 of the Complaint.

7.      Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 7 of the Complaint.

8.      Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 8 of the Complaint.

9.      Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 9 of the Complaint.

10.      Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 10 of the Complaint.

11.      Paragraph 11 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations recited in paragraph 11.

12.      Defendants deny that CBS Corporation is a private corporation, but admit the remainder of the allegations recited in paragraph 12 of the Complaint.

13.     Defendants admit that John Nestor ("Nestor") is the Telecommunications Department Operations Manager at CBS and was Plaintiff's manager and direct supervisor for part of her employment, but deny that Nestor controlled Plaintiff's employment or was "personally responsible for many of the discriminatory, harassing and retaliatory acts asserted [in the complaint]".  Defendants further aver that Nestor did not engage in any acts of discrimination, harassment or retaliation against plaintiff.

14.     Defendants admit that Marlene Baez ("Baez") is the Director, Human Resources, at CBS but deny that she "was personally responsible for many of the unlawful acts alleged" in the complaint or that she "aided and abetted Nestor's discriminatory conduct".  Defendants further aver that Baez did not engage in any acts of discrimination, harassment or retaliation against Plaintiff.

15.     Defendants admit that Linda Kalarchian ("Kalarchian") is a Vice President, Human Resources, at CBS but deny that she "was personally responsible for many of the unlawful acts alleged" in the Complaint.  Defendants further aver that Kalarchian did not engage in any acts of discrimination, harassment or retaliation against Plaintiff.

16.     Defendants deny the accuracy of the address of UNUM's headquarters and aver that the address of UNUM's headquarters is 221 Congress Street, Portland, Maine 04122, and Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the remainder of the allegations recited in paragraph 16 of the Complaint.

17.     Defendants deny the allegations recited in paragraph 17 of the Complaint.

18.      Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 18 of the Complaint.

19.      Defendants admit the allegations recited in paragraph 19 of the Complaint, but deny the accuracy of the committee's name (the correct name is "CBS Retirement Committee"), deny that the STD policy is "ERISA-controlled" and deny that Baez and Kalarchian served as members of the CBS Retirement Committee at any time.

20.      Defendants admit the allegations recited in paragraph 20 of the Complaint but deny that Charles Becker is currently an employee of CBS Corporation, deny that Becker served as a member of the CBS Retirement Committee at any time and deny the accuracy of the committee's name (the correct name is CBS Retirement Committee).

21.      Defendants deny the allegations recited in paragraph 21 of the Complaint.

## STATEMENT OF FACTS

22.      Defendants admit the allegations recited in paragraph 22 of the Complaint.

23.      Defendants admit the allegations recited in paragraph 23 of the Complaint.

24.      Defendants admit the allegations recited in paragraph 24 of the Complaint.

25.      Defendants deny that Plaintiff's work was "complex" or "advanced", but admit that her work included performing software installations, coordinating and supervising circuit orders and inventories and other telecommunications work.

26.      Defendants admit the allegations recited in paragraph 26 of the Complaint.

27.     Defendants admit the allegations recited in paragraph 27 of the Complaint.

28.     Defendants deny the allegations recited in paragraph 28 of the Complaint.

29.     Defendants admit that Plaintiff was assigned to CBS's Blackrock Building at 51 West 52nd Street, but deny the remainder of the allegations recited in paragraph 29.

30.     Defendants deny the allegations recited in paragraph 30 of the Complaint.

31.     Defendants deny the allegations recited in paragraph 31 of the Complaint.

32.     Defendants deny the allegations recited in paragraph 32 of the Complaint.

33.     Defendants admit that Plaintiff was placed on FMLA/short-term disability leave, but deny knowledge and information sufficient to form a belief as to the extent of Plaintiff's condition.

34.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 34 of the Complaint.

35.     Defendants deny the allegations recited in paragraph 35 of the Complaint and aver that Plaintiff was advised that because of HIPAA and other concerns, Plaintiff need not tell her manager the details of the causes of her disability, but it would be sufficient to simply tell her manager her physical limitations.

36.     Defendants deny the allegations recited in paragraph 36 of the Complaint.

37.     Defendants admit that Plaintiff returned to work on December 22, 2004, and deny knowledge and information sufficient to form a belief as to the truth or falsity of the remainder of the allegations recited in paragraph 37 of the Complaint.

38.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 38 of the Complaint.

39.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 39 of the Complaint.

40.     Defendants deny the allegations recited in paragraph 40 of the Complaint.

41.     Defendants deny the allegations recited in paragraph 41 of the Complaint.

42.     Defendants admit the allegations recited in paragraph 42 of the Complaint, but deny that Plaintiff was ever asked or required to perform any heavy lifting or packing.

43.     Defendants deny the allegations recited in paragraph 43 of the Complaint.

44.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 44 of the Complaint.

45.     Defendants deny the allegations recited in paragraph 45 of the Complaint.

46.     Defendants deny the allegations recited in paragraph 46 of the Complaint.

47.     Defendants deny the allegations recited in paragraph 47 of the Complaint.

48.     Defendants deny the allegations recited in paragraph 48 of the Complaint.

49.     Defendants admit that Baez met with Plaintiff but deny the remainder of the allegations cited in paragraph 49 of the Complaint.

50.     Defendants deny the allegations recited in paragraph 50 of the Complaint.

51.     Defendants deny the allegations recited in paragraph 51 of the Complaint.

52.     Defendants admit that Plaintiff worked on a project in Secaucus, but deny the remainder of the allegations cited in paragraph 52 of the Complaint.

53.     Defendants admit the allegations recited in paragraph 53 of the Complaint.

54.     Defendants deny the allegations recited in paragraph 54 of the Complaint.

55.     Defendants deny the allegations recited in paragraph 55 of the Complaint.

56.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 56 of the Complaint.

57.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 57 of the Complaint.

58.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 58 of the Complaint.

59.     Defendants admit that Plaintiff was put on leave on March 7, 2005, but deny knowledge and information sufficient to form a belief as to the truth or falsity of the alleged cause of Plaintiff's disability.

60.     Defendants admit that Plaintiff returned to work in June 2005, but deny the remainder of the allegations recited in paragraph 60 of the Complaint.

61.     Defendants deny the allegations recited in paragraph 61 of the Complaint.

62.     Defendants admit the allegations recited in paragraph 62 of the Complaint.

63.     Defendants admit the allegations recited in paragraph 63 of the Complaint.

64.     Defendants deny the allegations recited in paragraph 64 of the Complaint.

65.     Defendants deny the allegations recited in paragraph 65 of the Complaint.

66.     Defendants deny the allegations recited in paragraph 66 of the Complaint.

67.     Defendants deny the allegations recited in paragraph 67 of the Complaint.

68.     Defendants deny the allegations recited in paragraph 68 of the Complaint.

69.     Defendants deny the allegations recited in paragraph 69 of the Complaint, but admit to using billing codes.

70.     Defendants deny the allegations recited in paragraph 70 of the Complaint.

71.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 71 of the Complaint.

72.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 72 of the Complaint.

73.     Defendants deny the allegations recited in paragraph 73 of the Complaint.

74.     Defendants deny the allegations recited in paragraph 74 of the Complaint.

75.     Defendants deny the allegations recited in paragraph 75 of the Complaint.

76.     Defendants admit the allegations recited in paragraph 76 of the Complaint.

77.     Defendants deny the allegations recited in paragraph 77 of the Complaint.

78.     Defendants admit that there was an internal complaint but deny the remainder of the allegations recited in paragraph 78 of the Complaint.

79.     Defendants admit the allegations recited in paragraph 79 of the Complaint.

80.     Defendants admit the allegations recited in paragraph 80 of the Complaint.

81.     Defendants deny the allegations recited in paragraph 81 of the Complaint.

82.     Defendants deny the allegations recited in paragraph 82 of the Complaint.

83.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 83 of the Complaint, and aver that at all times Defendants complied with relevant policies and procedures.

84.     Defendants deny the allegations recited in paragraph 84 of the Complaint.

85.     Defendants deny that false claims were made and deny knowledge and information sufficient to form a belief as to the truth or falsity of the remainder of the allegations recited in paragraph 85.

86.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 86 of the Complaint.

87.     Defendants deny the allegations recited in paragraph 87 of the Complaint.

88.     Defendants deny the allegations recited in paragraph 88 of the Complaint and aver that Baez said that the doctor's note provided insufficient information regarding the accommodations necessary for Plaintiff to perform her duties.

89.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 89 of the Complaint.

90.     Defendants admit that Plaintiff's work description included overseeing and supervising technicians in the installation and set up of equipment and the performance of inventories and aver that Plaintiff was never asked to do any physical work.

91.     Defendants admit that Plaintiff's co-workers relied on technicians to perform physically taxing work and aver that Plaintiff was also allowed to use technicians to perform physically taxing work.

92.     Defendants deny the allegations recited in paragraph 92 of the Complaint.

93.     Defendants deny the allegations recited in paragraph 93 of the Complaint.

94.     Defendants deny the allegations recited in paragraph 94 of the Complaint.

95.     Defendants deny the allegations recited in paragraph 95 of the Complaint.

96.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 96 of the Complaint.

97.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 97 of the Complaint.

98.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 98 of the Complaint.

99.     Defendants deny the allegations recited in paragraph 99 of the Complaint.

100.     Defendants deny the allegations recited in paragraph 100 of the Complaint.

101.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 101 of the Complaint.

102.     Defendants deny the allegations recited in paragraph 102 of the Complaint.

103.     Defendants deny the allegations recited in paragraph 103 of the Complaint.

104.     Defendants admit that an internal complaint was filed on September 20, 2005, but deny the remainder of the allegations recited in paragraph 104 of the Complaint.

105.     Defendants deny the allegations recited in paragraph 105 of the Complaint.

106.     Defendants deny that Nestor made any harassing calls to Plaintiff's home and deny the remainder of the allegations recited in paragraph 106 of the Complaint.

107.     Defendants deny the allegations recited in paragraph 107 of the Complaint.

108.     Defendants admit that Plaintiff emailed Betty Panarella with a complaint, but deny the remainder of the allegations recited in paragraph 108 of the Complaint.

109.     Defendants admit that the cited complaint was made, but deny the truth of the content asserted in that complaint.

110.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 110 of the Complaint.

111.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 111 of the Complaint.

112.     Defendants deny the allegations recited in paragraph 112 of the Complaint.

113.     Defendants deny the allegations recited in paragraph 113 of the Complaint.

114.     Defendants deny the allegations recited in paragraph 114 of the Complaint.

115.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 115 of the Complaint.

116.     Defendants deny the allegations recited in paragraph 116 of the Complaint.

117.     Defendants deny the allegations recited in paragraph 117 of the Complaint.

118.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 118 of the Complaint.

119.     Defendants deny the allegations recited in paragraph 119 of the Complaint.

120.    Defendants deny the allegations recited in paragraph 120 of the Complaint, and aver that at all times Defendants complied with relevant policies and procedures.

121.    Defendants admit that Plaintiff was placed on FMLA-leave in October 2005, but deny that her medical problems were the result of stress caused by John Nestor and CBS.

122.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 122 of the Complaint.

123.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 123 of the Complaint.

124.    Defendants deny the allegations recited in paragraph 124 of the Complaint.

125.    Defendants admit the allegations recited in paragraph 125 of the Complaint.

126.    Defendants deny the allegations recited in paragraph 126 of the Complaint.

127.    Defendants deny the allegations recited in paragraph 127 of the Complaint and aver that Plaintiff did not receive a pay increase in 2006 because her performance review indicated that she did not meet expectations.

128.    Defendants deny the allegations recited in paragraph 128 of the Complaint.

129.    Defendants deny the allegations recited in paragraph 129 of the Complaint.

130.    Defendants deny the allegations recited in paragraph 130 of the Complaint.

131.    Defendants deny the allegations recited in paragraph 131 of the Complaint.

132.    Defendants deny the allegations recited in paragraph 132 of the Complaint.

133.    Defendants deny the allegations recited in paragraph 133 of the Complaint.

134.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 134 of the Complaint.

135.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 135 of the Complaint and aver that Baez and Kalarchian never refused to meet with Plaintiff when asked.

136.    Defendants deny the allegations recited in paragraph 136 of the Complaint.

137.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 137 of the Complaint.

138.    Defendants deny the allegations recited in paragraph 138 of the Complaint.

139.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 139 of the Complaint.

140.    Defendants deny the allegations recited in paragraph 140 of the Complaint.

141.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 141 of the Complaint.

142.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 142 of the Complaint.

143.    Defendants deny the allegations recited in paragraph 143 of the Complaint.

144.     Defendants admit that on February 13, 2007 Plaintiff emailed a complaint to Nestor about Tom Healey ("Healy"), but deny that Healy assaulted Plaintiff.

145.     Defendants deny the allegations recited in paragraph 145 of the Complaint.

146.     Defendants admit that Plaintiff complained about an interaction with Healy,  but deny the remainder of the allegations in paragraph 146 of the Complaint and aver that at all times Defendants complied with relevant policies and procedures.

147.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 147 of the Complaint.

148.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 148 of the Complaint.

149.     Defendants deny the allegations recited in paragraph 149 of the Complaint.

150.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 150 of the Complaint.

151.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 151 of the Complaint.

152.     Defendants admit that Plaintiff had a conversation with Baez, but deny the remainder of the allegations recited in paragraph 152 of the Complaint.

153.     Defendants admit that Plaintiff complained about a work order placed by Ingvar Kaasler using Plaintiff's personal code, but deny the remainder of the allegations recited in paragraph 153 of the Complaint.

154.    Defendants deny the allegations recited in paragraph 154 of the Complaint.

155.    Defendants deny the allegations recited in paragraph 155 of the Complaint.

156.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 156 of the Complaint.

157.    Defendants deny the allegations recited in paragraph 157 of the Complaint.

158.    Defendants deny the allegations recited in paragraph 158 of the Complaint.

159.    Defendants admit the allegations recited in paragraph 159 of the Complaint.

160.    Defendants admit the allegations recited in paragraph 160 of the Complaint but aver that Plaintiff was offered the opportunity to meet with Marc Zito as well, but she chose not to do so.

161.    Defendants admit the allegations recited in paragraph 161 of the Complaint but deny that defendant Nestor committed acts of harassment, deny that a bogus work order was submitted with Plaintiff's access code, and deny that Healy committed an assault.

162.    Defendants admit that Reynold Burke promised to issue a memo to outside vendors, but deny that Healy committed an assault.

163.    Defendants deny the allegations recited in paragraph 163 of the Complaint.

164.    Defendants deny the allegations recited in paragraph 164 of the Complaint and deny that Nestor engaged in harassing conduct.

165.    Defendants deny that Plaintiff filed an internal complaint with the subject "Need Help" on March 27, 2007, and submit that Plaintiff filed an internal complaint with that subject on September 21, 2005, and Defendants deny the remainder of the allegations recited in paragraph 165 of the Complaint.

166.    Defendants deny the allegations recited in paragraph 166 of the Complaint.

167.    Defendants deny the existence of workplace stress and deny that CBS refused to take action, and deny knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations recited in paragraph 167 of the Complaint.

168.    Defendants deny the allegations recited in paragraph 168 of the Complaint.

169.    Defendants deny the allegations recited in paragraph 169 of the Complaint.

170.    Defendants admit that Plaintiff went out on FMLA-protected disability leave in April 2007, but deny knowledge and information sufficient to form a belief as to the truth or falsity of the remainder of the allegations recited in paragraph 170.

171.    Defendants admit that Plaintiff returned to work on September 18, 2007 but deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 171.

172.    Defendants admit the allegations recited in paragraph 172 of the Complaint.

173.    Defendants deny the allegations recited in paragraph 173 of the Complaint.

174.    Defendants deny the allegations recited in paragraph 174 of the Complaint.

175.   Defendants deny the allegations recited in paragraph 175 of the Complaint.

176.   Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 176 of the Complaint.

177.   Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 177 of the Complaint.

178.   Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 178 of the Complaint.

179.   Defendants deny the allegations recited in paragraph 179 of the Complaint.

180.   Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 180 of the Complaint.

181.   Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 181 of the Complaint.

182.   Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 182 of the Complaint.

183.   Defendants admit that an internal complaint was filed but deny the truth of the content asserted in that complaint.

184.   Defendants deny the allegations recited in paragraph 184 of the Complaint.

185.   Defendants deny the allegations recited in paragraph 185 of the Complaint except admit that Nestor was aware of certain medical issues related to Plaintiff.

186.   Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 186 of the Complaint.

187.   Defendants deny the allegations recited in paragraph 175 of the Complaint.

188.   Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 188 of the Complaint.

189.   Defendants admit that a meeting occurred between Kalarchian, Baez and Plaintiff to discuss Plaintiff's complaints, but deny that there was delay in agreeing to meet or that there was any harassment or retaliation.

190.   Defendants deny the allegations recited in paragraph 190 of the Complaint.

191.   Defendants admit that Plaintiff made complaints at this meeting, but deny the truth of the content asserted in those complaints.

192.   Defendants admit that the quoted text was included in a post-meeting memorandum but submit that the full sentence says: "As we discussed [at the meeting], we did not find evidence that John has yelled at you, insulted you, created a hostile work environment for you, or is a 'known alcoholic.'"

193.   Defendants deny the allegations recited in paragraph 193 of the Complaint.

194.   Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 194 of the Complaint.

195.   Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 195 of the Complaint.

196.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 196 of the Complaint.

197.    Defendants admit that Plaintiff informed Baez and Nestor of her upcoming surgery in January 2008, but deny that Plaintiff told Defendants when she would be returning to work.

198.    Defendants deny the allegations recited in paragraph 198 of the Complaint.

199.    Defendants deny the allegations recited in paragraph 199 of the Complaint.

200.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 200 of the Complaint.

201.    Defendants deny the allegations recited in paragraph 201 of the Complaint.

202.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 202 of the Complaint, except admit that Plaintiff took vacation on the cited dates.

203.    Defendants admit the allegations recited in paragraph 203 of the Complaint.

204.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 204 of the Complaint.

205.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 205 of the Complaint.

206.    Defendants admit that Baez advised Plaintiff to contact UNUM  if she would need to be put on medical leave, but deny the remainder of the allegations recited in paragraph 206 of the Complaint.

207.    Defendants admit that Baez did not discuss with Plaintiff the implications of Plaintiff going on leave and aver that that Plaintiff received other notice, and that the lack of notice from Baez was not "notabl[e]".

208.    Defendants deny the allegations recited in paragraph 208 of the Complaint and aver that only UNUM, and not an employee's doctor, can put an employee on disability leave.

209.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 209 of the Complaint but deny that the STD policy is an ERISA plan.

210.    Defendants deny the allegations recited in paragraph 210 of the Complaint.

211.    Defendants deny the allegations recited in paragraph 211 of the Complaint.

212.    Defendants admit the allegations recited in paragraph 212 of the Complaint.

213.    Defendants deny the allegations recited in paragraph 213 of the Complaint.

214.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 214 of the Complaint.

215.    Defendants admit that Plaintiff was not reinstated and to the extent that paragraph 215 contains further factual allegations, Defendants deny the remainder of the allegations cited in paragraph 215 of the Complaint.

216.     Defendants admit that Plaintiff was only paid and provided medial coverage through January 18, 2008, but deny knowledge sufficient to form a belief as to the truth or falsity of the remainder of the allegations recited in paragraph 216 of the Complaint.

217.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 217 of the Complaint.

218.     Defendants admit that Plaintiff emailed CBS while absent but deny the remainder of the allegations recited in paragraph 218 of the Complaint.

219.     Defendants deny the allegations recited in paragraph 219 of the Complaint.

220.     Defendants deny the allegations recited in paragraph 220 of the Complaint.

221.     Defendants deny the allegations recited in paragraph 221 of the Complaint.

222.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 222 of the Complaint and aver that none of Plaintiff's co-workers were allowed to work from home regularly.

223.     Defendants deny the allegations recited in paragraph 223 of the Complaint.

224.     Defendants deny the allegations recited in paragraph 224 of the Complaint.

225.     Defendants admit that Plaintiff was told that she could not work from home on a regular basis and aver that none of Plaintiff's co-workers were permitted to work from home on a regular basis.

226.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 226 of the Complaint.

227.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 227 of the Complaint.

228.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 228 of the Complaint.

229.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 229 of the Complaint but deny that the STD policy is an ERISA plan.

230.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 230 of the Complaint.

231.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 231 of the Complaint.

232.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 232 of the Complaint.

233.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 233 of the Complaint.

234.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 234 of the Complaint.

235.    Defendants deny the allegations recited in paragraph 235 of the Complaint and deny that the STD policy is an ERISA plan.

236.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 236 of the Complaint and deny that the STD policy is an ERISA plan.

237.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 237 of the Complaint.

238.    Defendants deny that Plaintiff was unlawfully terminated and deny knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations recited in paragraph 238 of the Complaint.

239.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 239 of the Complaint.

240.    Defendants deny the allegations recited in paragraph 240 of the Complaint.

241.    Defendants deny the allegations recited in paragraph 241 of the Complaint.

242.    Defendants deny the allegations recited in paragraph 242 of the Complaint.

243.    Defendants deny the allegations recited in paragraph 243 of the Complaint.

244.    Defendants deny the allegations recited in paragraph 244 of the Complaint.

245.    Defendants deny the allegations recited in paragraph 245 of the Complaint.

246.    Defendants deny the allegations recited in paragraph 246 of the Complaint.

247.    Defendants deny the allegations recited in paragraph 247 of the Complaint.

248.    Defendants deny the allegations recited in paragraph 248 of the Complaint.

249.    Defendants deny the allegations recited in paragraph 249 of the Complaint.

250.    Defendants deny the allegations recited in paragraph 250 of the Complaint.

251.    Defendants deny the allegations recited in paragraph 251 of the Complaint.

252.    Defendants deny the allegations recited in paragraph 252 of the Complaint.

253.    Defendants deny the allegations recited in paragraph 253 of the Complaint.

254.    Defendants deny the allegations recited in paragraph 254 of the Complaint.

255.    Defendants deny the allegations recited in paragraph 255 of the Complaint.

256.    Defendants deny the allegations recited in paragraph 256 of the Complaint.

257.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 257 of the Complaint.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION: ERISA

258.    Defendants repeat the preceding responses as if fully stated herein.

259.    Defendants admit the allegations recited in paragraph 259 of the Complaint, but deny that the STD policy is an "ERISA-covered employee benefit plan" and deny that "Plaintiff had vested benefits" under the LTD plan.

260.    Defendants admit the allegations recited in paragraph 260 of the Complaint but deny that the STD policy is an "ERISA-covered employee benefit plan".

261.    Defendants deny the allegations recited in paragraph 261 of the Complaint.

262.    Defendants deny the allegations recited in paragraph 262 of the Complaint.

263.    Defendants deny the allegations recited in paragraph 263 of the Complaint.

264.    Defendants deny the allegations recited in paragraph 264 of the Complaint.

265.    Defendants deny the allegations recited in paragraph 265 of the Complaint.

266.    Defendants deny the allegations recited in paragraph 266 of the Complaint.

## SECOND CAUSE OF ACTION: FMLA

267.    Defendants repeat the preceding responses as if fully stated herein.

268.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations recited in paragraph 268 of the Complaint.

269.    Defendants deny the allegations recited in paragraph 269 of the Complaint.

270.    Defendants deny the allegations recited in paragraph 270 of the Complaint.

271.    Defendants deny the allegations recited in paragraph 271 of the Complaint.

272.    Defendants deny the allegations recited in paragraph 272 of the Complaint.

### THIRD CAUSE OF ACTION: SHRL (DISABILITY DISCRIMINATION)

273.    Defendants repeat the preceding responses as if fully stated herein.

274.    Defendants deny the allegations recited in paragraph 274 of the Complaint.

275.    Defendants deny the allegations recited in paragraph 275 of the Complaint.

### FOURTH CAUSE OF ACTION: SHRL (RETALIATION)

276.    Defendants repeat the preceding responses as if fully stated herein.

277.    Defendants deny the allegations recited in paragraph 277 of the Complaint.

278.    Defendants deny the allegations recited in paragraph 278 of the Complaint.

### FIFTH CAUSE OF ACTION: CHRL (DISABILITY DISCRIMINATION)

279.    Defendants repeat the preceding responses as if fully stated herein.

280.    Defendants deny the allegations recited in paragraph 280 of the Complaint.

281.    Defendants deny the allegations recited in paragraph 281 of the Complaint.

282.    Defendants deny the allegations recited in paragraph 282 of the Complaint.

### SIXTH CAUSE OF ACTION: CHRL (RETALIATION)

283.    Defendants repeat the preceding responses as if fully stated herein.

284.    Defendants deny the allegations recited in paragraph 284 of the Complaint.

285.    Defendants deny the allegations recited in paragraph 285 of the Complaint.

286.    Defendants deny the allegations recited in paragraph 286 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.    The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.    Plaintiff's claims are barred, in part or in whole, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

3.    Plaintiff's claims are barred, in part or in whole, by the equitable doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

4.    Plaintiff's claims are barred, in part or in whole, by the equitable doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

5.    Plaintiff's claims are barred, in part or in whole, by the equitable doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

6.    Plaintiff's claims are barred, in part or in whole, by the equitable doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

7.      To the extent that Plaintiff has suffered any emotional distress, it was caused by events or conduct unrelated to the conduct alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff failed to join all necessary parties.

## NINTH AFFIRMATIVE DEFENSE

9.      Plaintiff's claims are barred in whole or in part by release of those claims.

## TENTH AFFIRMATIVE DEFENSE

10.     Plaintiff has failed to mitigate her damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiff is not entitled to recover punitive damages because Defendants' actions were not willful, Defendants did not engage in unlawful intentional discrimination, nor did Defendants engage in any discriminatory practice with malice or reckless indifference to the rights of Plaintiff.


Dated:  New York, New York
        May 12, 2010

                        McDERMOTT WILL & EMERY LLP


                        By:   /s/ Nathaniel Kelley
                                Daniel N. Jocelyn
                                Nathaniel Kelley
                                Monica S. Asher

                        340 Madison Avenue
                        New York, New York 10137
                        (212) 547-5400
                        *Attorneys for the CBS Defendants*